*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF McDONOUGH COUNTY, for Judgment and Order of Sale Against Real Estate Returned Delinquent for the Year 1993 and for Determination of the Correct Amount of 1993 Illegal Taxes Paid Under Protest (Richard J. Goehl *et al.*, Objectors and Petitioners-Appellees, v. Patricia Waggoner, Treasurer, Respondent-Appellant (The City of Macomb, Intervenor and Respondent-Appellant)).

Third District    Nos. 3—95—0697, 3—95—0698, 3—95—0699 cons.

Opinion filed August 27, 1996.

James D. Lee (argued), of Macomb, for appellant City of Macomb.

William Poncin, State's Attorney, of Macomb (John X. Breslin and Judith Z. Kelly (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant Patricia Waggoner.

Lawrence Kwacala (argued), of Flack, McRaven & Stephens, of Macomb, for appellees.

JUSTICE LYTTON delivered the opinion of the court:

The City of Macomb established an enterprise zone and, thereafter, a tax increment financing (TIF) district that included some overlapping areas. Owners of commercial property located within the enterprise zone and TIF district objected to TIF taxation of improvements which were also eligible for enterprise zone tax abatement. The circuit court sustained the objections, and the county treasurer and city appealed. We affirm.

I. FACTS

On December 16, 1985, the city council of the City of Macomb

adopted an ordinance pursuant to the Illinois Enterprise Zone Act (formerly Ill. Rev. Stat. 1991, ch. $67^{1}/_{2}$, par. 601 *et seq.* (now 20 ILCS 655/1 *et seq.* (West 1994))) requesting that the state of Illinois authorize the creation of an enterprise zone for an area that included the courthouse square in Macomb's central business district. Benefits under the Enterprise Zone Act and city ordinance included tax abatements for new construction or substantial renovation of private property within the zone. The Macomb enterprise zone was certified on June 1, 1986.

On December 31, 1986, the city council of Macomb adopted ordinances pursuant to the Tax Increment Allocation Redevelopment Act (TIF Act) (formerly Ill. Rev. Stat. 1991, ch. 24, par. 11—74.4—1 *et seq.* (now 65 ILCS 5/11—74.4—1 *et seq.* (West 1994))), establishing a tax increment financing (TIF) district that also included the courthouse square in Macomb's central business district. Under the TIF Act and city ordinances, taxes on incremental increases in the equalized assessed value of property within the TIF district are to be collected by the county treasurer, remitted to the city treasurer, deposited into a special allocation fund and spent on statutorily approved expenses of the TIF district.

Between January 1987 and January 1993, Richard J. Goehl and Flack, McRaven & Stephens (objectors) made improvements on their commercial properties located within both the enterprise zone and the TIF district. TIF taxes based upon these improvements were first reflected in the objectors' 1993 tax bill. Richard J. Goehl and Flack, McRaven & Stephens objected to the TIF taxation, and the circuit court sustained the objections.

## II. ANALYSIS

On appeal, the parties agree that the objectors' properties were located within an enterprise zone duly certified on June 1, 1986, and subsequent ordinances created a TIF district that also included objectors' properties. The parties further agree that the objectors made property improvements that fell within the enterprise zone's tax abatement provisions. The parties disagree, however, as to whether the TIF district was entitled to tax the improvements.

The pivotal fact in this case is that the enterprise zone tax abatements were enacted and the zone was certified *before* the TIF ordinances were passed. A subsequent enactment may, on occasion, serve to modify an earlier enactment by implication. *People ex rel. City of Canton v. Crouch*, 79 Ill. 2d 356, 377, 403 N.E.2d 242, 252 (1980). Here, however, the Enterprise Zone Act provides that the terms of an ordinance designating an enterprise zone may be amended to

limit or repeal tax incentives, if the amendment is approved by the Department of Commerce and Community Affairs. 20 ILCS 655/5.4(a)(ii), (b) (West 1994). Moreover, even where the Department approves an amendment reducing or eliminating tax benefits in an enterprise zone, business enterprises within the zone on the date of amendment retain all previously extended benefits for the originally stated term of the enterprise zone. 20 ILCS 655/5.4(e) (West 1994).

The record before us does not indicate that the Department of Commerce and Community Affairs approved any alteration to the tax benefits granted to properties in the enterprise zone after the zone was created on June 1, 1986. Thus, the enterprise zone tax abatements were not reduced or eliminated by the subsequent adoption of the TIF ordinances. The trial judge properly sustained the owners' objections.

## III. CONCLUSION

The judgment of the circuit court of McDonough County is affirmed.

Affirmed.

McCUSKEY and MICHELA, JJ., concur.